| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| GEORGE W. DAVIS, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:14-CV-480 |
| | § | |
| MOTIVA ENTERPRISES, LLC and | § | |
| MOTIVA COMPANY, | § | |
| | § | |
| Defendants. | § | |

**AMENDED MEMORANDUM AND ORDER**

Pending before the court is Plaintiff George W. Davis, IV's ("Davis") Motion and Memorandum in Support of Reconsideration of Summary Judgment (#56). Davis argues that the court's ruling was incorrect because genuine issues of material fact exist concerning Defendants Motiva Enterprises, LLC and Motiva Company's (collectively, "Defendants") motives for discharging Davis. Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Davis's motion should be DENIED.

While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *United States v. Redd*, 652 F. App'x 300, 303 (5th Cir. 2016); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 963 (5th Cir. 2000); *Austin v. Kroger Tex. L.P.*, ___ F. Supp. 3d ___, No. 3:11-CV-1169, 2016 WL 1625763, at *2 (N.D. Tex. Apr. 25, 2016); *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. H-11-3061, 2014 WL 4659380, at

*1 (S.D. Tex. Sept. 17, 2014). In this case, Davis expressly relies on Rule 59(e) to challenge the court's Memorandum and Order granting summary judgment in favor of Defendants. *See Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006) (holding that "[t]he district court correctly characterized and analyzed [the defendant's] Rule 59(a) motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment."); *Bass*, 211 F.3d at 962 (construing a motion for reconsideration after judgment was entered as a Rule 59(e) motion); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (construing a motion for new trial as a request for reconsideration of the district court's entry of summary judgment); *Allamon v. Acuity Specialty Prods., Inc.*, No. 1:10-CV-294, 2012 WL 5391739, at *8-9 (E.D. Tex. Sept. 28, 2012). A motion challenging a prior judgment on the merits may be treated as a motion to alter or amend under Rule 59(e), where, as here, it was "served within 28 days of the rendition of judgment." *OneBeacon Ins. Co.*, 2014 WL 4659380, at *1; *see Bass*, 211 F.3d at 963 (applying the previous ten-day rule as opposed to the current twenty-eight-day rule); *Austin*, 2016 WL 1625763, at *2.

A Rule 59(e) motion questions the correctness of a court's prior judgment. *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)); *Austin*, 2016 WL 1625763, at *2. The rule is designed to serve the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *In re Deepwater Horizon*, 785 F.3d 986, 991 (5th Cir. 2015) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *accord In re Rodriguez*, 695 F.3d at 371. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Demahy v. Schwarz*

*Pharm., Inc.*, 702 F.3d 177, 182 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 57 (2013); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

A Rule 59(e) motion may not be used simply for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" or to relitigate matters that were not resolved to the movant's satisfaction. *In re Deepwater Horizon*, 785 F.3d at 992 (quoting *Templet*, 367 F.3d at 479) (holding that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration); *accord In re Rodriguez*, 695 F.3d at 371; *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Indeed, "motions for reconsideration are not to be viewed as a readily available 'back up' plan for curing briefing deficiencies." *Brauninger v. Default Mgmt. Sols., L.L.C.*, No. 05-0688, 2007 WL 128809, at *6 n.6 (E.D. La.), *aff'd*, 260 F. App'x 634 (5th Cir. 2007), *cert. denied*, 553 U.S. 1065 (2008). Mere disagreement with a district court's order does not warrant reconsideration of the order. *Chapman v. LHC Grp., Inc.*, 126 F. Supp. 3d 711, 719 (E.D. La. 2015); *St. Paul Mercury Ins. Co. v. Lewis-Quinn Constr.*, No. H-10-5146, 2012 WL 5381701, at *1 (S.D. Tex. Oct. 31, 2012).

A district court has considerable discretion to grant or deny a motion under Rule 59(e); however, "such discretion is not limitless." *Templet*, 367 F.3d at 479; *see City of New Orleans Emps. Ret. Sys. v. Hayward*, 508 F. App'x 293, 301 (5th Cir. 2013); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: 1) finality and 2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.

3

1993); *accord Hayward*, 508 F. App'x at 301; *Templet*, 367 F.3d at 479. The granting of such a motion is an extraordinary remedy that should be used sparingly. *In re Rodriguez*, 695 F.3d at 371; *Templet*, 367 F.3d at 479. Accordingly, the Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *accord Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 549 n.26 (5th Cir. 2003); *Austin*, 2016 WL 1625763, at *2. Hence, to be successful, "a motion to alter or amend [a] judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *accord Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 634 (5th Cir. 2015).

Davis's motion fails to meet the standard to obtain relief under Rule 59(e). Davis reasserts the legal arguments contained in his initial response to Defendants' summary judgment motion, which were already considered and rejected by the court. Further, Davis has presented neither evidence of a manifest error by the court nor any newly discovered evidence that was previously unavailable. "The manifest injustice standard presents . . . a high hurdle" for the movant. *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010); *see Simon*, 891 F.2d at 1159 (recognizing that the movant bears the burden of "clearly establishing" a manifest error in the context of a Rule 59(e) motion); *accord Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012). The United States Court of Appeals for the Fifth Circuit has defined "manifest error" as one that is "plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*,

394 F.3d 320, 325 (5th Cir. 2004); *see Huss v. Gayden*, 585 F.3d 823, 829 (5th Cir. 2009), *cert. denied*, 559 U.S. 1007 (2010). While Davis argues that the court failed to consider the summary judgment evidence in the light most favorable to him as the nonmoving party, at bottom, his argument is based on his disagreement with the court's ruling. Accordingly, Davis's motion is DENIED.

SIGNED at Beaumont, Texas, this 16th day of November, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE